**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-50348 |
| Plaintiff-Appellee, | 15-50373 |
| v. | D.C. Nos. 3:04-cr-03184-BEN |
| | 3:14-cr-01972-BEN |
| STEVEN AYALA ORTIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Steven Ayala Ortiz appeals the 156-month

sentence imposed following his guilty-plea conviction for importation of

methamphetamine, in violation of 21 U.S.C. §§ 952 and 960, and 30-month

sentence imposed upon revocation of supervised release, 24 months of which was

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order to run consecutively. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Ayala Ortiz argues that the district court erred in denying a minor role reduction to his base level offense under U.S.S.G. § 3B1.2(b). After Ayala-Ortiz was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Ayala Ortiz's sentence and

remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Ayala Ortiz's contention that his aggregate sentence of 180 months is substantively unreasonable. However, we vacate both sentences challenged on appeal so that, on remand, the court may impose the total sentence it concludes is warranted.

**Appeal Nos. 15-50348 & 15-50373:  VACATED and REMANDED for resentencing.**